UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE M. KNIEST, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:15CV708 JAR |
| ) | |
| JAY CASSADY, ) | |
| ) | |
| Respondent, ) | |

## MEMORANDUM AND ORDER

George Kniest petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He says he has "new evidence," which was presented to the state court during his resentencing. The petition is untimely by several years. As a result, the Court will direct petitioner to show cause why the petition should not be dismissed.

On January 10, 2002, petitioner pled guilty to first-degree assault and armed criminal action. *Missouri v. Kniest*, No. 01CR612168 (St. Francois County). Petitioner was sentenced to two consecutive terms of twenty-years' imprisonment. Petitioner filed a timely motion for postconviction relief. *Kniest v. Missouri*, No. 02CV611051 (St Francois County). After granting relief on one claim, the motion court resentenced petitioner again to two twenty-year consecutive terms of imprisonment. *Id.* (docket entry October 23, 2002). The Court of Appeals affirmed. *Kniest v. Missouri*, 120 S.W.3d 248, No. ED82311 (Mo. Ct. App.). The docket sheet in the criminal action shows that petitioner was resentenced again on April 16, 2004, to the same sentence. *Kniest*, No. 01CR612168. Petitioner did not appeal. Petitioner then filed successive Rule 24.035 motions on September 5, 2006, and July 8, 2013. *See Kniest v. Missouri*, No. 13SF-

CC00141 (St. Francois County) (Findings of Fact, Conclusions of Law and J. dated July 17, 2013). Both motions were dismissed as successive. *Id.*

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. Properly filed motions for postconviction relief toll the limitations period. Because petitioner did not appeal from his resentencing on April 16, 2004, his judgment became final, at the latest, in 2004. Because petitioner's subsequent motions for post-conviction relief were dismissed by the state courts as successive, they did not toll the one-year limitations period as they were not "properly filed." *See Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006). Therefore, the limitations period appears to have expired sometime in 2005, and the petition appears to be time-barred.

Moreover, petitioner does not allege that he actually has "new" evidence of his actual innocence. He says that he introduced the evidence during his resentencing. Under these circumstances he is not entitled to circumvent the limitations period.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner must show cause, no later than thirty (30) days from the date of this Order, why the petition should not be dismissed as untimely.

Dated this 7th day of May, 2015.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE