**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

GEORGE M. KNIEST,                          )
                                                        )
              Petitioner,                        )
                                                        )
       v.                                              )              No. 4:15CV708 JAR
                                                        )
JAY CASSADY,                                )
                                                        )
              Respondent,                      )

**MEMORANDUM AND ORDER**

George Kniest petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He says he has "new evidence" of actual innocence, which he argues should reopen the limitations period. Petitioner does not have any evidence of actual innocence. The petition is denied.

On January 10, 2002, petitioner pled guilty to first-degree assault and armed criminal action. *Missouri v. Kniest*, No. 01CR612168 (St. Francois County). Petitioner was sentenced to two consecutive terms of twenty-years' imprisonment. Petitioner filed a timely motion for postconviction relief. *Kniest v. Missouri*, No. 02CV611051 (St Francois County). After granting relief on one claim, the motion court resentenced petitioner to the original two twenty-year consecutive terms of imprisonment. *Id.* (docket entry October 23, 2002). The Court of Appeals affirmed. *Kniest v. Missouri*, 120 S.W.3d 248, No. ED82311 (Mo. Ct. App.). The docket sheet in the criminal action shows that petitioner was resentenced again on April 16, 2004, to the same sentence. *Kniest*, No. 01CR612168. Petitioner did not appeal. Petitioner then filed successive Rule 24.035 motions on September 5, 2006, and July 8, 2013. *See Kniest v. Missouri*, No. 13SF-

CC00141 (St. Francois County) (Findings of Fact, Conclusions of Law and J. dated July 17, 2013). Both motions were dismissed as successive. *Id.*

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. Properly filed motions for postconviction relief toll the limitations period. Because petitioner did not appeal from his resentencing on April 16, 2004, his judgment became final in April 2005. Because petitioner's subsequent motions for post-conviction relief were dismissed by the state courts as successive, they did not toll the one-year limitations period as they were not "properly filed." *See Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006). Therefore, the limitations period expired in April 2005.

A habeas petitioner may be entitled to avoid § 2244's limitations period if he can prove that he is actually innocent. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1932 (2013). To make such a showing, "a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

According to petitioner's exhibits, he fired several gunshots into the victim's house through a window. The exhibits show that he fired at several angles, shooting up most of the house. The victim appears to have hidden in a corner not easily reachable from gunshots through the window. Petitioner argues that because his victim was hiding in such a difficult corner to reach, he could not have been shooting *at* her, and therefore, he is actually innocent. Alternatively, he claims that he was suffering from a mental defect and is not guilty by reason of insanity.

Petitioner's argument fails to show that he is actually innocent.  The argument is simply preposterous.  Additionally, none of his evidence is new.  It was available to the trial court.  As a result, the petition is untimely.

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether the petition is untimely.  Thus, the Court will not issue a certificate of appealability.  28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition for writ of habeas corpus is **DENIED**, and this action is **DISMISSED**.

An Order of Dismissal will be filed separately.

Dated this 9th day of July, 2015.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE